Case No. 23-3309

# In the United States Court of Appeals for the Ninth Circuit

———————

UNITED STATES OF AMERICA,
PLAINTIFF-APPELLEE

V.

Norman Welch,
CLAIMANT-APPELLANT,

Trina Welch,
DEFENDANT-APPELLEE

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

———————

## PETITION FOR REHEARING WITH SUGGESTION FOR REHEARING *EN BANC*

Gregory R. Rauch
**MAGYAR, RAUCH & ASSOCIATES, PLLC**
326 E. 6th St. Moscow, Idaho 83843
Tel:  (208) 882-1906
Fax: (208) 882-4540
eMail: rauch@mralegal.com

*Attorney for Claimant-Appellant, Norman C. Welch*

## TABLE OF CONTENTS

INTRODUCTION.................................................................................1

RULE 35(b)(1) AND RULE 40(b)(2) STATEMENT............................................5

CONCISE STATEMENT OF RELEVANT FACTS.............................................6

ARGUMENT.................................................................................12

I.  PANEL REHEARING ISSUE [FRAP RULE 40]: THE PANEL'S
    DECISION MISAPPREHENDED THE ISSUES OF FACT AND/OR
    LAW BECAUSE IT MISTAKENLY *ASSUMED* THAT APPELLANT
    BROUGHT HIS CLAIM UNDER § 853(n)(6)(A) WHEN HE DID
    NOT.....................................................................................12

II. *EN BANC* ISSUE [FRAP 35]: IN CASES WHERE A PETITIONER
    LAWFULLY OWNS REAL PROPERTY AND, IN SUBMITTING HIS
    PETITION THAT COMPLIES WITH § 853(n)(3), CANNOT
    INCLUDE FACTS TO ALSO SATISFY § 853(n)(6), IS THE DUE
    PROCESS CLAUSE VIOLATED WHEN THE GOVERNMENT
    TAKES THE PETITIONER'S HOME AWAY WITHOUT FURTHER
    ADO BASED SOLELY ON THE RECORD DEVELOPED IN
    ANOTHER'S CRIMINAL PROCEEDING? .........................................14

    1. Our Perfunctory Practice of Shoehorning The Mandates of § 853(n)(6)
       Into The Pleading Requirements of § 853(n)(3)—and Requiring Them
       To Be Proven By A Preponderance of The Evidence In The Initial
       Petition—Is Improper Based On A Plain Reading of The Statute.........15

    2. Our Perfunctory Practice of Shoehorning The Mandates of § 853(n)(6)
       Into The Pleading Requirements of § 853(n)(3) Is Unconstitutional As It
       Can Completely Forestall The Ability of An Innocent Spouse (Whose
       Situation Does Not Fit Into The Purview of § 853(n)(6)(A) or (B)) To
       Protect Their Property Interests. ..............................................17

    3. Based On The Nature of This Case and The Private Interests At Stake,
       The District Court Should Have Granted Leave to Amend....................22

CONCLUSION...............................................................................24

**CERTIFICATE OF COMPLIANCE PURSUANT TO CIRCUIT RULES 35-4 AND 40-1**.................................................................................25

**STATEMENT OF RELATED CASES**..................................................25

**CERTIFICATE OF SERVICE**..........................................................26

## TABLE OF AUTHORITIES

**CASES**                                        **PAGE(S)**

*Culley v. Marshall*, 601 U.S. 377, 144 S. Ct. 1142, (2024) ....................14

*Gmach Shefa Chaim v. United States*, 692 F. Supp. 2d 461, (D.N.J. 2010) ..........21

*Honeycutt v. United States*, 581 U.S. 443, 137 S. Ct. 1626, (2017) ....................1, 5

*United States v. $146,388.97 in United States Currency*, No. 1:21-cv-00134, 2021 U.S. Dist. LEXIS 164483, (M.D. Pa. Aug. 31, 2021) ............................................20

*United States v. 101 Houseco, LLC*, 22 F.4th 843, (9th Cir. 2022) ...................20-21

*United States v. Arcaro*, No. 21CR2542-TWR, 2024 U.S. Dist. LEXIS 1423, (S.D. Cal. Jan. 3, 2024) ....................................................................17

*United States v. Chavez*, 323 F.3d 1216, (9th Cir. 2003) ........................................22

*United States v. Dougherty*, No. 1:22-cr-00168-AKB, 2024 U.S. Dist. LEXIS 155255, (D. Idaho Aug. 26, 2024) ............................................16

*United States v. Furando*, 40 F.4th 567, (7th Cir. 2022) ........................................23

*United States v. Galemmo*, 661 F. App'x 294, (6th Cir. 2016) ..............................21

*United States v. Grossi*, 482 F. App'x 252, (9th Cir. 2012) ...........................1, 5, 19

*United States v. Hooper*, 229 F.3d 818, (9th Cir. 2000) ..........................................14

*United States v. Howard*, No. 1:12cr95-4, 2017 U.S. Dist. LEXIS 106580, (S.D. Ohio July 11, 2017) ........................................................................21

*United States v. Kinzel*, No. 2:22-cr-00187-LK, 2024 U.S. Dist. LEXIS 135683, (W.D. Wash. July 31, 2024) ....................................................16

*United States v. Lee*, No. 8:22-cr-437-WFJ-SPF, 2024 U.S. Dist. LEXIS 201832, (M.D. Fla. Nov. 6, 2024) ........................................................19

*United States v. Preston*, 123 F. Supp. 3d 108, (D.D.C. 2015) ..............................17

*United States v. Rishi Shah*, 702 F. Supp. 3d 737, (N.D. Ill. 2023) ........................20

*United States v. Sanchez*, No. 22-11923, 2023 U.S. App. LEXIS 23976, (11th Cir. Sep. 11, 2023) ........................................................................22

*United States v. Singh-Sidhu*, No. 3:13-CR-00032-RCJ-VPC, 2014 U.S. Dist. LEXIS 149333, (D. Nev. Oct. 21, 2014) ..........................................................12-13

*United States v. Swartz Family Tr.*, 67 F.4th 505, (2d Cir. 2023) ..........................23

*United States v. Tartaglione*, No. 15-491, 2018 U.S. Dist. LEXIS 61229, (E.D. Pa. Apr. 11, 2018) ........................................................................................................20

*United States v. Thompson*, 990 F.3d 680, (9th Cir. 2021) .............................1, 5, 14

*United States v. Villegas*, No. 22-10335, 2024 U.S. App. LEXIS 3101, (9th Cir. Feb. 9, 2024) ........................................................................................................19

*United States v. Welch*, No. 23-3309, 2024 U.S. App. LEXIS 29908, (9th Cir. Nov. 25, 2024) ................................................................................................12, 21, 23

*United States v. Wilson*, 659 F.3d 947 (9th Cir. 2011) ........................................5, 14

*Wexford Sci. & Tech., LLC v. City of Pittsburgh Zoning Bd. of Adjustment*, 260 A.3d 316, (Pa. Commw. Ct. 2021) ..........................................................................24

## STATUTES

21 U.S.C. § 853(n)...............................................................................................passim

21 U.S.C. § 853(o)..................................................................................................... 23

## OTHER AUTHORITIES

FED. R. CIV. P. 32.2.....................................................................................................6

iv

**INTRODUCTION**

"Forfeiture pursuant to §853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime." *Honeycutt v. United States*, 581 U.S. 443, 454, 137 S. Ct. 1626, 1635 (2017). In 2021, this Circuit recognized the impetus behind *Honeycutt's* hardline rule by detailing the long history of injustice that took place in criminal forfeiture actions prior to §853(a)(1)'s enactment, including instances where the property of a gofer in the criminal scheme—which was not used to perpetrate the crime nor was it acquired as a result of the crime—was seized due to the misdeeds of the crime lord. *See United States v. Thompson*, 990 F.3d 680, 686-88 (9th Cir. 2021).

This is not to say that property that is acquired, either in whole or in part, with untainted funds can *never* be the subject of a criminal forfeiture action. In cases where property is acquired *solely with untainted* funds, the government can seek relief under Section 853(p)[1]. In cases where property is acquired *partially with untainted* funds, the government can seek a partial forfeiture equal to the amount of the tainted funds that can be traced to the property[2].

_____

[1] *See Honeycutt*, 581 U.S. at 451, 137 S. Ct. at 1633 ("Section 853(p) [is] the sole provision of §853 that permits the Government to confiscate property untainted by the crime. . . .").

[2] Partial forfeiture—not full forfeiture—is **required** "when criminal defendant owns real property with innocent others. . . " *United States v. Grossi*, 482 F. App'x 252, 4 (9th Cir. 2012) (collecting cases).

1

In this case, we are <u>not</u> dealing with co-conspirators to a crime such as in the cases of *Honeycutt* and *Thompson.* Instead, we are dealing with an innocent spouse that acquired real property with his wife that, unbeknownst to him, was embezzling money from her employer.

This case focuses on two (2) real properties Appellant acquired with his wife. In the lower court, the United States <u>conceded</u> that one of these real properties was acquired *exclusively* with untainted funds, while Appellant and the United States dispute the circumstances of the other property, with the United States claiming that the property was acquired *partially* with tainted funds and Appellant claiming that it was purchased *solely* with untainted funds.

While Appellant filed a timely Petition that satisfied each pleading requirement set forth in 21 U.S.C. § 853(n)(3), the District Court dismissed the Petition without a hearing after finding that the Petition failed to also satisfy 21 U.S.C. § 853(n)(6)(A) and/or (B), which are standards of proof a petitioner must meet at any hearing held on a timely filed petition.

After that dismissal, Appellant moved for reconsideration explaining that the court had issued forfeiture based on the mere presumption that the properties had been acquired solely with fraudulent funds, and Appellant attested he had documentation proving that he purchased one of the properties with a mortgaged loan, and that the other was purchased

2

with funds that were derived from the sale of the couple's former home; a sale that preceded his wife's criminal activity. Alternatively, while maintaining that he had satisfied the requirements of § 853(n)(3) which is all that is required at the pleading stage, Appellant asked the court for leave to amend to supplement his Petition with these additional facts.

The United States responded to the motion to reconsider, and, in an admirably candid submission, it agreed that the District Court ordered forfeited both real properties based on the mistaken *presumption* that both were acquired wholly with criminal proceeds, when in fact that was not the case at all. The United States also did not contest Appellant's claim that one property was acquired solely with untainted funds, but the U.S. disputed that the other property was purchased *solely* with untainted funds.

The District Court denied the motion to reconsider, doubling down on its prior reasoning for why it held the initial Petition was deficient while also holding that it lacked authority to permit an amendment after the 30-day deadline of § 853(n)(2).

In sum, Appellant had an uncontested interest in his two real properties that no party disputed Appellant himself obtained via non-tainted funds, and Appellant complied with all the required provisions of § 853(n)(3) in his timely-filed Petition, and then the trial court dismissed the Petition claiming that it failed to also satisfy

3

the provisions of § 853(n)(6), which pertains to the standard of proof to be satisfied at the required hearing. And then to add insult to injury, Appellant's real properties—including his home—were ordered forfeited without a hearing comporting with due process, and the decision instead based solely on the record developed in his spouse's criminal proceeding which he had no ability to participate.  And then to compound it all, despite the District Court's acknowledgement that non-tainted funds were used in the purchase of the properties, it refused to allow Appellant to amend to supplement with these uncontroverted facts claiming that it lacked authority to do so.

Appellant filed a timely Notice of Appeal of the District Court's order. On November 25, 2024, a Panel of this Court issued a 1¼ page decision affirming the decision of the District Court. While the reasoning of the Panel's decision is generally terse and therefore difficult to decipher, it appears that the Court acted under a misplaced understanding that Appellant brought his claim in the lower court under § 853(n)(6)(A), and thus failed to plead facts demonstrating an interest that was not barred under § 853(n)(6)(A)'s temporal requirement (aka "relation back") provision.

The Panel addressed other issues, but the nature of these other findings do not contain enough analysis or detail for Appellant to sufficiently convey the specific basis of the Panel's reasoning as part of this section.

4

## RULE 35(b)(1) AND RULE 40(b)(2) STATEMENT

Claimant-Appellant ("Appellant") respectfully petitions this Court for rehearing of this Panel's November 25, 2024 unpublished decision pursuant to Rule 40 of the Federal Rules of Appellate Procedure ("FRAP"), and suggests that the Court rehear this case *en banc* pursuant to Rule 35 of the FRAP.

Reconsideration by the Panel is necessary because this Petition identifies and states with particularity each point of law or fact that the Appellant believes the Court has overlooked or misapprehended.

Consideration by the full court is also necessary because (1) the Panel decision conflicts with a decision of the Supreme Court of the United States ("SCOTUS") and several decisions of the Ninth Circuit and consideration by the full Court is therefore necessary to secure and maintain uniformity; and (2) the proceeding involves one or more questions of exceptional importance.

More specifically, the Panel decision conflicts with the recent SCOTUS case *Honeycutt v. United States*, 581 U.S. 443, 137 S. Ct. 1626, (2017), and it conflicts with the prior decisions of the Ninth Circuit in the cases *United States v. Thompson*, 990 F.3d 680, (9th Cir. 2021), *United States v. Grossi*, 482 F. App'x 252, 4 (9th Cir. 2012), and *United States v. Wilson*, 659 F.3d 947, 952 (9th Cir. 2011).

5

## CONCISE STATEMENT OF RELEVANT FACTS

The index appeal arises from a criminal forfeiture action in the criminal case involving Appellant's spouse, Trina Welch, who on September 16, 2022 pled guilty to wire fraud for embezzling money from her employer. ER-173-80, 185-91. Appellant was neither accused nor found to have participated in Trina's criminal activity, which is said to have occurred from 2013 to July 2019. ER-057-58, 076.

During the pendency of the criminal case, the Government sought a Preliminary Order of Forfeiture related to six parcels of real property. ER-213-17. A Preliminary Order of Forfeiture was entered on March 2, 2022[3]. ER-027-31. Those properties are defined as follows, with the relevant properties underlined:

(1) 413 E. 9th Ave., Post Falls, Idaho;

(2) <u>519 E. Walnut Ave., Osburn, Idaho;</u>

(3) 501 E. Walnut Ave., Osburn, Idaho;

(4) 211 N. Hill Ave., Smelterville, Idaho;

(5) 1253 Garden Ave., Osburn, Idaho and

(6) <u>Parcel No. 181400 (Lot 8) St. Regis, Mineral County, Montana.</u>

ER-027-28[4].

---

[3] A preliminary order of forfeiture is final only as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). A final order of forfeiture, when necessary, addresses third party concerns. Fed. R. Crim. P. 32.2(c).

[4] Appellant later waived his claim of interests for all except the two underlined properties: (1) the 519 E. Walnut Ave property ("519 E. Walnut") and (2) the Parcel No. 181400 (Lot 8) property ("Montana Property"). ER-010, 046. Thus, these are the only two properties subject to this Petition.

On March 31, 2022, Appellant filed a timely petition for claim related to five of the six real properties (all but 501 E. Walnut). ER-197. Importantly, Appellant's petition stated an unequivocal assertion of an ownership interest in forfeited property. ER-199-200. Appellant claimed that the 519 E. Walnut property was acquired on November 22, 2017 and the Montana Property was acquired on May 22, 2017. ER-200.

On April 21, 2023, the United States moved to dismiss Appellant's Petition arguing, in summation, that while Appellant filed a timely Petition comporting with § 853(n)(3), that Petition should be dismissed for failure to also comply with the provisions of § 853(n)(6), and that Appellant failed to provide evidentiary proof of his claims of ownership such as a deed to the homes in question. *See generally* ER-139, 145.

On May 5, 2023, Appellant filed an opposition to the United States' Motion to Dismiss. ER-090. Appellant argued that his Petition complied with each and every provision of § 853(n)(3), that it is at the required evidentiary hearing—not at the pleading stage—that Appellant would authenticate his evidence and provide proof of ownership to show that he was a bona fide purchaser for value and possessed all the required documentation to prove it. ER-092-095.

On July 24, 2023, the district court issued a decision dismissing Appellant's petition for an ancillary proceeding without a hearing or the ability to conduct

discovery. ER-057-078. Perplexingly, the court initially laid out the correct

pleading standard for a third-party forfeiture petition (§ 853(n)(3)), but then it

pivoted its focus and delved into a merits-based analysis discussing community

property doctrines in Idaho and Montana as well as the Relation-Back Doctrine,

after which, the court decided whether Appellant proved his case under §

853(n)(6)(A)-(B) by a preponderance of the evidence. *Id*. Specifically, the court

stated:

> The Court must determine whether a petitioner **has established by a preponderance of the evidence** one of two recognizable interests. 21 U.S.C. § 853(n)(6)(A)-(B). "They must either show that they are bona fide purchasers for value without notice, see § 853(n)(6)(B), or they must show that their property interest meets certain specified requirements, see § 853(n)(6)(A)." *Hooper*, 229 F.3d at 821. . . . Norman's petition was signed appropriately under penalty of perjury; alleges the nature and extent of his interest (a community property interest); and states the relief sought (an interest in the property). Norman, however, <u>does not provide any additional facts supporting his claim, or allege the time and circumstances of his acquisition of interest</u>. If it **were not for these discrepancies**, there would be no question that Norman adequately filed a petition and would be eligible to move forward in the ancillary procedure. . . .
>
> . . . Norman has <u>offered no evidence</u> that he has exercised any of the usual privileges of ownership. <u>For these reasons</u> the Court finds that Norman has no valid interest in the 413 E. 9th Ave., Post Falls, Idaho; 519 E. Walnut Ave., Osburn, Idaho; and 1253 Garden Ave., Osburn, Idaho properties. Again, this is a legal certainty. No amount of discovery or amendment could change the fact that Trina acquired these properties during the commission of her crimes. Norman cannot have an interest and amendment need not be granted.

ER-070-72, 075. (emphasis added).

Norman's petition was signed appropriately under penalty of perjury; alleges the nature and extent of his interest (an undivided 50% interest of ownership); alleges the time and circumstances of acquisition (May 22, 2017); and states the relief sought (an interest in the property). Norman, however, <u>does not provide any additional facts</u> supporting his claim. But such additional facts are not necessarily required if the other four requirements are sufficient to establish an interest in the property. Again, the Court assumes that all the facts alleged in the petition are true and sufficient to satisfy the procedural requirements of § 853(n)(3). Again, **Trina and Norman acquired the property with Trina's fraudulently acquired money**. <u>While Norman has not been accused, let alone found, of any wrongdoing</u>, Trina has. As stated earlier, under the Relation Back Doctrine, the use of criminally acquired proceeds creates an imperfected title in the Government that relates back to the time of the crime.

While there is a presumption that Norman holds legal title in Montana, the Court finds that Norman has, and holds, only a <u>constructive trust for the Government</u>. Norman has an equitable duty to convey his interest to the Government to prevent unjust enrichment. <u>Norman has received a benefit, Norman has a knowledge of that benefit, and under the circumstances it would be inequitable for Norman to retain that benefit without payment of its value</u>. Norman has alleged no payment by himself for the property in question, rather **the Government has shown that the property was paid for by Trina's criminal actions** creating a veil of apparent, recorded title to real property. It is Norman's duty to convey his interest to the Government.

Additionally, Norman has <u>offered no evidence</u> that he has exercised any of the usual privileges of ownership. For these reasons the Court finds_ that Norman has no valid interest in the Lot 8 in Rivers Acreage, St. Regis, Montana property. Again, the fact that this property was obtained *during* Trina's criminal conduct means Norman cannot have a legal interest OR that any interests he has was the result of a fraudulent transfer. Accordingly, **because no facts could change the Court's reasoning**, **amendment will not be granted**.

ER-075-076. (emphasis added).

9

On August 21, 2023, Appellant filed a Motion for Reconsideration of the district court's July 24, 2023 MD&O as it related to the 519 E. Walnut Ave. and Montana properties. ER-045. Appellant argued that the district court "assumes facts not on the record" as it related to the properties and that Appellant was ready and able to prove at the required hearing that the 519 E. Walnut Ave property was purchased not with tainted funds but "with monies lawfully borrowed by Trina and Norman Welch for which a standard note and deed of trust was prepared." ER-046.

Appellant also attested that he could prove at the hearing that the Montana Property was purchased "with the proceeds of a lawfully borrowed loan for which a standard note and deed of trust was prepared" and that "[Appellant] and Trina built the home currently located on said parcel partially with funds derived from the sale of a home that predates Trina's employment with the victim of her crimes." ER-047. Appellant then requested leave to amend to supplement his petition with these facts. ER-048.

On September 1, 2023, the government filed a response to the motion wherein it shared Appellant's concern that the District Court presumed facts not in the record when it concluded that the properties in question had been purchased with stolen funds. ER-35. The government also candidly *admitted* "[w]hile the United States believes that funds not traceable to the offense of conviction were used to initially purchase the 519 E. Walnut property, the United States disagrees

with Mr. Welch that any significant amount of non-traceable funds were used to purchase the Montana property." ER-035.

On October 25, 2023, the district court issued its MD&O denying Appellant's motion to reconsider. The district court found, in relevant part:

> But the Court has now come full circle. Norman avers that the Court said it would take the allegations in his petition as true, but then found them false. That is somewhat correct. The Court found Norman's petition was deficient but overlooked the technical deficiencies and allowed him to proceed. It could not, however, overlook, the simple fact that nothing in his claim indicated any *valid* property interest. For this reason, it had to dismiss. . . .

> The Ninth Circuit has not squarely addressed the issue of belated substantive amendments to § 853 petitions. Other courts, however, have held that substantive amendments *after* the 30-day deadline are not allowed. . . ,

> Because of the substantial danger of false claims in forfeiture proceedings, federal courts require strict compliance with the requirements of § 853. The Court will not deviate from that here. Had Norman claimed what he is claiming now in his original petition, the Court would likely have allowed amendment because the ground for relief was already in the record but was factually deficient. But it cannot allow Norman to amend after the 30-day deadline to add a new ground for relief.

ER-014-016. (footnotes omitted).

This timely appeal followed the district court's October 25, 2023 MD&O.

The Panel's 1 ¼ page Memorandum Decision came out on November 25, 2024.

11

**ARGUMENT**

**I.** **PANEL REHEARING ISSUE [FRAP RULE 40]: THE PANEL'S DECISION MISAPPREHENDED THE ISSUES OF FACT AND/OR LAW BECAUSE IT MISTAKENLY *ASSUMED* THAT APPELLANT BROUGHT HIS CLAIM UNDER § 853(n)(6)(A) WHEN HE DID NOT**

While sparing in the use of words, the sole basis for this Court's decision as to the sufficiency of the initial Petition was that "Welch's petition did not contain pertinent details regarding the circumstances of his acquisition of the properties, most significantly whether they were acquired before the onset date of the underlying crimes." *United States v. Welch*, No. 23-3309, 2024 U.S. App. LEXIS 29908, at *1-2 (9th Cir. Nov. 25, 2024) (citing 21 U.S.C. § 853(n)(3), (6)).

This plainly demonstrates that the Panel conducted its entire appellate review under the mistaken belief that Appellant had brought his claims in the court below under 21 U.S.C. § 853(n)(6)(A), which has a temporal requirement that a petitioner's ownership interest be vested at the time the criminal actions take place. However, Appellant only brought his claims, if anywhere[5], under 21 U.S.C. § 853(n)(6)(B), which is the narrow exception to the relation back doctrine and occurs only in instances where the petitioner acquires their ownership interests after the criminal activities began. *See United States v. Singh-Sidhu*, No. 3:13-CR-

---

[5] *See Infra* section for *En Banc* rehearing. It might be that Appellant could not plead a case under either § 853(n)(6)(A) or (B) thus triggering serious due process implications.

00032-RCJ-VPC, 2014 U.S. Dist. LEXIS 149333, at *10-11 (D. Nev. Oct. 21, 2014) ("Section 853(n)(6)(B) embodies a narrow exception to the relation back doctrine that Congress created for the protection of bona fide purchasers for value who acquired an interest in the forfeited asset without having reason to know that it was subject to forfeiture.") (citing 21 U.S.C. § 853(c); *United States v. Huntington National Bank*, 682 F.3d 429, 434 (6th Cir. 2012)).

Here, neither the Appellant nor the government disputed that Appellant purchased the properties in 2017, *after* Trina had secretly began her crime spree in 2013, thus forestalling any claim under § 853(n)(6)(A). Instead, Appellant was seemingly attempting to bring his claims under § 853(n)(6)(B). ER-046-47. Which the government recognized in its briefing. ER-147-48.

This misapprehension by the Panel is *beyond* significant because it shows that the entire focus of the Panel's analysis was accidentally conducted under the incorrect statute, as the Panel conducted its review under the pleading legal standard set forth in § 853(n)(6)(A), including its temporal requirements, when in actuality the Panel's review should have been conducted under § 853(n)(6)(B), in which Appellant's Petition would have been entirely sufficient under 21 U.S.C. § 853(n)(3) because the relation back doctrine would not have stood as an obstacle to Appellant's claim.

13

The significance of the Panel's error becomes much more apparent when the Court considers that the provision it mistakenly applied to its entire review of this case, § 853(n)(6)(A), deals with the *instrumentalities* of crime, <u>not</u> the *proceeds* of crime which fall under § 853(n)(6)(B). *United States v. Wilson*, 659 F.3d 947, 953 (9th Cir. 2011). This is because **"[p]roceeds of crime . . . do not precede the crime**." *United States v. Hooper*, 229 F.3d 818, 822 (9th Cir. 2000) (emphasis added). "Thus, if property is 'subsequently transferred,' which is the only way that proceeds can be transferred, the transferee is protected only as a bona fide purchaser." *Id*.

## II.    *EN BANC* ISSUE [FRAP 35]: IN CASES WHERE A PETITIONER LAWFULLY OWNS REAL PROPERTY AND, IN SUBMITTING HIS PETITION THAT COMPLIES WITH § 853(n)(3), CANNOT INCLUDE FACTS TO ALSO SATISFY § 853(n)(6), IS THE DUE PROCESS CLAUSE VIOLATED WHEN THE GOVERNMENT TAKES THE PETITIONER'S HOME AWAY WITHOUT FURTHER ADO BASED SOLELY ON THE RECORD DEVELOPED IN ANOTHER'S CRIMINAL PROCEEDING?

This particular section includes numerous issues that both the Panel and the Court *en banc* are being asked to consider. This case constitutes a rare circumstance where the Court will be able to address—and hopefully clarify—numerous glaring injustices plaguing the criminal forfeiture process as was observed by this Court in *Thompson*, 990 F.3d 680 and then reiterated by the SCOTUS in *Culley v. Marshall*, 601 U.S. 377, 144 S. Ct. 1142, (2024), where the Court discussed current problems with civil forfeitures and their relation to

14

criminal forfeitures, and Justices of both party lines stated in their concurring and dissenting opinions that review of this revenue-creating process should be more fully examined in how it motivates both law enforcement to deploy "labyrinthine" practices. *Id*. at 401, 405, 144 S. Ct. at 1158, 1160.

1. **Our Perfunctory Practice of Shoehorning The Mandates of § 853(n)(6) Into The Pleading Requirements of § 853(n)(3)—and Requiring Them To Be Proven By A Preponderance of The Evidence In The Initial Petition—Is Improper Based On A Plain Reading of The Statute.**

21 USC § 853(n)(3) establishes the pleading standard of third-party petitions in criminal forfeiture cases. In this case, the government sent to Appellant a form detailing the requirements for a third-party petition; identifying § 853(n)(3) as the governing provision establishing the pleading requirements. ER-128. Appellant strictly complied with § 853(n)(3), and filed a timely Petition containing all information required. ER-199-200.

Yet, the government, the District Court, and eventually a Panel of this Court, all contended that Appellant's Petition was insufficient, because § 853(n)(3) is asserted to require a third-party petitioner to include—and prove—the requirements set forth in § 853(n)(6)(A) or (B) in the initial petition. But § 853(n)(6)(A)-(B) is not the pleading requirement for third-party petitions, it is instead the burden of proof that a petitioner must "establish[] by a preponderance of evidence" "after the hearing. . . ." has taken place.

So why is it that courts in this Circuit routinely hold that the plain language

15

of § 853(n)(3) somehow magically infuses the requirements of § 853(n)(6)(A)-(B) wherein a third party's initial petition must include facts in their initial petition that not only satisfy § 853(n)(3), but also *prove* the elements of § 853(n)(6)(A)-(B) by a preponderance of the evidence all in the initial petition?

As an added bonus, if the petitioner fails to possess an extrasensory perception to somehow predict that there is a judicially-imposed pleading requirement beyond that set forth in § 853(n)(3)'s plain language and thirty (30) days then goes by, the district judge will quickly contend that the strict 30-day window set forth in § 853(n)(2) deprives the judge of authority to grant leave to amend, when—such as in this case—the court apparently did not lack the discretion to look past the strict 30-day time limit imposed on it to hold a hearing on the Petition. *Id*. at § 853(n)(4) ("The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition.").

This Court first established the unspoken practice in *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005), and now trial courts across the Ninth Circuit follow it without questioning whether the practice is contrary to the plain meaning of the statutory text. *See United States v. Dougherty*, No. 1:22-cr-00168-AKB, 2024 U.S. Dist. LEXIS 155255, at *10 (D. Idaho Aug. 26, 2024); *see also United States v. Kinzel*, No. 2:22-cr-00187-LK, 2024 U.S. Dist. LEXIS 135683, at *4

16

(W.D. Wash. July 31, 2024); *United States v. Arcaro*, No. 21CR2542-TWR, 2024 U.S. Dist. LEXIS 1423, at *8-12, 31 n.5 (S.D. Cal. Jan. 3, 2024).

Appellant is only aware of a single case where the judge paused to review the text of the subject statute in order to conclude that this practice was at odds with the plain meaning of § 853's provisions:

> The Government also argues that the Petition does not set forth the "nature and extent" of Mr. Preston's interest in the Cash, solely because it does not state a claim for relief under Section 853(n)(6). *See* Motion to Dismiss at 5–6. The statute's text, however, does not expressly link the "nature and extent" requirement of Section 853(n)(3) to the grounds for relief under Section 853(n)(6). The Court's reading of the statute indicates that the two provisions, while related, are separate and that a petitioner could satisfy the former while failing to plead a claim for relief under the latter. The Court therefore finds that the Petition meets the pleading requirements of Section 853(n)(3) and separately assesses whether the Petition states a claim for relief under Section 853(n)(6).

*United States v. Preston*, 123 F. Supp. 3d 108, 114-15 (D.D.C. 2015).

Based on the arguments above and below, Appellant respectfully requests this Court reconsider this practice and come to the same conclusion.

2. **Our Perfunctory Practice of Shoehorning The Mandates of § 853(n)(6) Into The Pleading Requirements of § 853(n)(3) Is Unconstitutional As It Can Completely Forestall The Ability of An Innocent Spouse (Whose Situation Does Not Fit Into The Purview of § 853(n)(6)(A) or (B)) To Protect Their Property Interests.**

In addition to being at odds with the plain meaning of the text, the unspoken practice also runs afoul of due process mandates in the circumstance where an

innocent spouse has legitimate ownership interests in real property but is unable to allege that his situation falls into the purview of either § 853(n)(6)(A) or (B).

In the *supra* section for Panel Rehearing, this Petition mentioned that if Appellant's claim was brought under *any* provision, it would have to be § 853(n)(6)(B) by process of elimination, since that is the only provision that deals with *proceeds* of a crime. This said, it is highly likely that Appellant's ownership interest falls into neither § 853(n)(6)(A) or (B). Recall that Appellant lawfully purchased the real properties with non-tainted funds, and the government does not dispute that one of these properties was purchased entirely with non-tainted funds while it claims that the other was purchased partially with tainted funds.

Regarding the one purchased entirely with non-tainted funds, the government claims that tainted funds were used to make an unspecified number of upgrades to the property. ER-035. This would obviously take Appellant's claim outside § 853(n)(6)(A) since the properties were acquired in 2017 (after the crimes began), and it would also take it outside the scope of § 853(n)(6)(B) because Appellant claims that he and his wife purchased the properties together and that Appellant secured a mortgage to finance the one property and that the other was purchased with proceeds from a prior residence he sold long before the criminal activity began. And some circuits hold that the bona fide purchaser provision § 853(n)(6)(B) only comes into play when property is purchased *from the defendant*.

18

> The Eleventh Circuit has long held that 21 U.S.C. § 853(n)(6)(B) "exists only to protect subsequent purchasers of *'the defendant's interest'* in an asset." *Soreide*, 461 F.3d at 1356 (citing *Kennedy*, 201 F.3d 1324, 1330) (emphasis in the original); *United States v. Guerra*, 216 F. App'x 906, 910 (11th Cir. 2007) ("The bona fide purchaser provision is only applicable to purchases of the defendant's interest in the asset and does not protect purchases from a third-party seller."); *United States v. Thomas*, No. 1:19CR457-RAH-3, 2021 U.S. Dist. LEXIS 171026, 2021 WL 4127750, at *2 (M.D. Ala. Sept. 9, 2021) (same).

*United States v. Lee*, No. 8:22-cr-437-WFJ-SPF, 2024 U.S. Dist. LEXIS 201832, at *7 (M.D. Fla. Nov. 6, 2024) (italics in original).

Lets assume *arguendo* that the government's contentions are accurate and that the one property had tainted funds that were used to perform unidentified upgrades and that the other property was purchased only partially with tainted funds. In that circumstance, the government is ***not*** entitled to take either property entirely, but must satisfy its burden of proving to the Court what amount of tainted funds were spent on which property, and the government is allowed to recoup *only* that which it has proven was tainted, and <u>not</u> any more. *See United States v. Villegas*, No. 22-10335, 2024 U.S. App. LEXIS 3101, at *2-3 (9th Cir. Feb. 9, 2024) ("a defendant is only subject to forfeit the amount that came to rest with him as a result of his crimes."); *see also United States v. Grossi*, 482 F. App'x 252, 4 (9th Cir. 2012) (the criminal forfeiture statute 'permits the forfeiture of the defendant's interests only, not the property of innocent parties.' . . . when the defendant owns real property with innocent others, the statute may require a partial

19

forfeiture.") (collecting cases); *United States v. Tartaglione*, No. 15-491, 2018 U.S. Dist. LEXIS 61229, at *52-83 (E.D. Pa. Apr. 11, 2018) (lengthy analysis of nationwide precedent holding that government may take no more than that which represents criminal proceeds); *United States v. Rishi Shah*, 702 F. Supp. 3d 737, 749 (N.D. Ill. 2023) (same); *United States v. $146,388.97 in United States Currency*, No. 1:21-cv-00134, 2021 U.S. Dist. LEXIS 164483, at *14 (M.D. Pa. Aug. 31, 2021) ("[t]he Government is only entitled to the portion of the property that was purchased with proceeds of unlawful activity.") (citations omitted).

However, in this case, Appellant was not able to adequately assert his property interests because he could not allege facts in a petition—under oath—to demonstrate a case under either § 853(n)(6)(A) or (B), and this Court made clear recently that a third party petitioner can *only* protect his interests by proceeding under either of those two provisions, and that under no circumstance can a third-party petitioner, however much the rightful owner of real property, challenge a forfeiture by arguing that the property was not forfeitable in the first place. *See United States v. 101 Houseco, LLC*, 22 F.4th 843, 848-50 (9th Cir. 2022).

The severity of this injustice is further amplified when one considers the fact that under circumstances like Appellant's the court will instead render a decision based solely on the record developed during the criminal proceeding of another person, which the petitioner had no opportunity to participate. "'Confining a third

20

party to the facts as determined by another's guilty plea when that third party is statutorily prohibited from participating in the proceeding . . . files in the face of logic as well as basic due process.'" *Gmach Shefa Chaim v. United States*, 692 F. Supp. 2d 461, 474 (D.N.J. 2010) (quoting *United States v. Farley*, 919 F. Supp. 276, 278 (S.D. Ohio 1996)) (alterations in original); *see also United States v. Howard*, No. 1:12cr95-4, 2017 U.S. Dist. LEXIS 106580, at *8 (S.D. Ohio July 11, 2017) (same).

As the Sixth Circuit has correctly recognized, "a criminal defendant may well be motivated to plead guilty to a forfeiture to gain a more favorable plea bargain even if the property does not belong to him." *United States v. Galemmo*, 661 F. App'x 294, 303 (6th Cir. 2016).

Here, there was no formal adjudication regarding the two subject properties where the government satisfied its burden of demonstrating a nexus to the crime, but the properties were instead forfeited by a plea agreement favorable to Trina.

While these arguments were raised on appeal, the Panel did not succinctly address the substance of these arguments but instead concluded: "Welch's due process argument is foreclosed by our decision in *101 Houseco*: 'Section 853(n)(6) does not raise due process concerns in the general course because it still permits third parties to prove their *own* cognizable interests in the property.'" *Welch*, No. 23-3309, 2024 U.S. App. LEXIS 29908, at *2 n.1. (italics in original). However,

21

the facts of this case would directly call that conclusion (as well as *Houseco*) into question; as Appellant was *not* able to prove his own cognizable interests in either property via a proceeding comporting with due process. It is beyond refute that "[t]he property of an innocent spouse is not to be taken to satisfy a forfeit of her husband." *United States v. Chavez*, 323 F.3d 1216, 1219 (9th Cir. 2003).

### 3. Based On The Nature of This Case and The Private Interests At Stake, The District Court Should Have Granted Leave to Amend

As argued above, Appellant contends that his initial Petition was sufficient to move forward with an ancillary proceeding and prove that he was the rightful owner of the properties, as his Petition was timely and fully complied with § 853(n)(3). *See United States v. Sanchez*, No. 22-11923, 2023 U.S. App. LEXIS 23976, at *11-12 (11th Cir. Sep. 11, 2023) ("whatever law applied, Ms. Palacios did not have to allege in the petition the legal basis for her interest in the money . . . [i]t was enough, at the pleading stage, that she alleged she had an interest in the money as an owner or bailor.").

However, the District Court denied leave to amend even though it was presented with facts regarding these two properties that neither party disputed, and it did so under the reasoning that the 30 day deadline to file an initial petition had lapsed, and this Court affirmed holding that "[a]llowing amendment in these circumstances would, moreover, allow circumvention of the time limit set forth for

22

third-party petitions in criminal forfeiture actions." *Welch*, No. 23-3309, 2024 U.S. App. LEXIS 29908, at *2.

As a general note, two (2) circuit courts have recently held—in highly analogous circumstances—that requests for leave to amend timely filed petitions should be granted if justice so requires. *United States v. Swartz Family Tr.*, 67 F.4th 505, (2d Cir. 2023); *United States v. Furando*, 40 F.4th 567, (7th Cir. 2022). Especially so, when 21 U.S.C. § 853(o) requires liberal construction of § 853(n) to effectuate § 853's remedial purposes. *Id*.

While the Panel was correct that § 853(o) does not mandate granting leave to amend in every circumstance, the peculiar circumstances of this case are the paradigm of when justice so requires granting leave, as a timely petition was filed that fully complied with § 853(n)(3) and the issues with the Petition, if any, would have been non-substantive in nature. Additionally, substantial property interests of the Appellant were at stake, and there was no risk of prejudice to anyone since the criminal defendant was already sentenced, there were no other third-party petitioners regarding these two real properties, and the Court had already delayed past its own statutory deadline mandated by § 853(n)(4). Allowing leave to amend in these circumstances would have only furthered § 853's remedial purposes; not circumvented it.

23

## **CONCLUSION**

To borrow a maxim from Appellant's Reply Brief, "[w]hen the property at issue is someone's home, the owner's right to protect the viability of his property is even more personal. The purchase of a home is often considered to be one of, if not the, most significant investments an individual can make during his lifetime. *To deny an individual the right to protect his interest in the property he calls home would violate public policy." Wexford Sci. & Tech., LLC v. City of Pittsburgh Zoning Bd. of Adjustment*, 260 A.3d 316, 322 (Pa. Commw. Ct. 2021) (Emphasis in original) (citation omitted).

For the foregoing reasons, Appellant respectfully requests that the Panel reconsider its November 25, 2024 unpublished decision and that the Court rehear this case *en banc*.

Respectfully submitted

DATED: December 9, 2024

> **MAGYAR, RAUCH & ASSOCIATES, PLLC**
> /s/Gregory R. Rauch
> By: Gregory R. Rauch
> Attorney for Norman C. Welch

24

## CERTIFICATE OF COMPLIANCE PURSUANT TO CIRCUIT RULES 35-4 AND 40-1

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing enbanc/answer is 6,030 words (petitions and answers must not exceed 4,200 words). A Motion For Leave To File Oversized Petition For Rehearing And Suggestion Rehearing For *En Banc* is filed concurrently herewith.

/s/Gregory R. Rauch
By: Gregory R. Rauch

## STATEMENT OF RELATED CASES

Counsel is not aware of any other related cases currently pending before this Court.

/s/Gregory R. Rauch
By: Gregory R. Rauch

25

**CERTIFICATE OF SERVICE**
**When All Case Participants Are Registered For**
**The Appellate CM/ECF System**

United States Court of Appeals Docket Number: 23-3309

I hereby certify that on the 9th of December, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/Gregory R. Rauch
By: Gregory R. Rauch

26