US.C.A. No. 23-3309

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

               Plaintiff/Appellee,

vs.

TRINA MARIE WELCH,

               Defendant,

NORMAN WELCH,

               Claimant/Appellant.

## GOVERNMENT'S COURT-ORDERED RESPONSE TO PETITION FOR REHEARING WITH SUGGESTION FOR REHEARING *EN BANC*

_____

On Appeal from the United States District Court
for the District of Idaho
District Court No.  2:20-cr-00052-DCN
The Honorable David C. Nye, Chief District Court Judge

_____

JOSHUA D. HURWIT
United States Attorney
WILLIAM M. HUMPHRIES
Assistant United States Attorney
District of Idaho
1290 W. Myrtle St. Suite 500
Boise, ID 83702-7788
Telephone: (208) 334-1211
Attorney for Plaintiff/Appellee
United States of America

GREGORY R. RAUCH
Magyar, Rauch, & Associates, PLLC
326 E. 6th Street
Moscow, ID 83843
Telephone: (208) 882-1906
Attorney for Claimant/Appellant
Norman C. Welch

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................. i

TABLE OF AUTHORITIES ...................................................... ii

INTRODUCTION ................................................................. 1

BACKGROUND ................................................................... 2

ARGUMENT ....................................................................... 7

I. THE COURT CORRECTLY CONCLUDED THAT WELCH DID NOT INCLUDE SUFFICIENT INFORMATION IN HIS ANCILLARY PETITION. ................................................... 7

II. EN BANC REVIEW IS NOT APPROPRIATE. ........................... 11

    A. The *Thompson* case is irrelevant. ................................... 11

    B. A criminal forfeiture ancillary proceeding petition must plead sufficient facts to state a claim for relief, and Welch did not do that. ....................................................... 12

    C. There is no constitutional problem. ................................ 15

    D. The district court did not abuse its discretion in denying leave to amend. ......................................................... 18

CONCLUSION ................................................................... 21

FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS ................ 23

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................. 12, 13, 14, 15

*United States v. 101 Houseco, LLC*, 22 F.4th 843 (9th Cir.) .......... 2, 7, 12

*United States v. American-Foreign S.S. Corp.*, 363 U.S. 685 (1960) ....... 1

*United States v. Berger*, 574 F.3d 1202 (9th Cir. 2009) ................... 18, 21

*United States v. Catala*, 870 F.3d 6 (1st Cir. 2017) ............................... 12

*United States v. Furando*, 40 F.4th 567 (7th Cir. 2022) ........................ 19

*United States v. Mageno*, 786 F.3d 768 (9th Cir. 2015) ..................... 9, 15

*United States v. Mills*, 18 F.4th 573 (8th Cir. 2021) ................................ 2

*United States v. Preston*, 123 F. Supp. 3d 108 (D.D.C. 2015) ................ 14

*United States v. Swartz Fam. Tr.*, 67 F.4th 505 (2d Cir. 2023) ....... 12, 19

*United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021) ............... 11, 12

*Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988) ........................................................................................................ 9

*Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ....... 19

## Statutes

18 U.S.C. § 983(a)(2)(C) ............................................................................. 2

18 U.S.C. § 3613 .................................................................................. 18, 21

18 U.S.C. § 3771(a)(6) .............................................................................. 21

21 U.S.C. § 853(i)(1) ................................................................................. 21

21 U.S.C. § 853(n) .......................................................................... passim

21 U.S.C. § 853(n)(2) ............................................................ 5, 15, 20

21 U.S.C. § 853(n)(3) ................................................................ passim

21 U.S.C. § 853(n)(6) ................................................................ passim

21 U.S.C. § 853(n)(6)(A) ........................................................... passim

21 U.S.C. § 853(n)(6)(B) ........................................................... passim

**Rules**

Fed. R. App. P. 40(b)(1) .................................................................. 7

Fed. R. App. P. 40(b)(2) ................................................................ 11

Fed. R. Civ. P. 12(b) ..................................................................... 12

Fed. R. Civ. P. G(5) ........................................................................ 2

Fed. R. Crim. P. 32.2 .................................................................... 12

Fed. R. Crim. P. 32.2(b)(2)(A) ....................................................... 2

Fed. R. Crim. P. 32.2(b)(6)(A) ....................................................... 2

Fed. R. Crim. P. 32.2(c)(1) ............................................................. 2

Fed. R. Crim. P. 32.2(c)(1)(A) ....................................................... 12

**Regulations**

28 C.F.R. Part 9 ........................................................................... 21

# INTRODUCTION

"En banc courts are the exception, not the rule. They are convened only when extraordinary circumstances exist that call for authoritative consideration and decision . . . ." *United States v. American-Foreign S.S. Corp.*, 363 U.S. 685, 689 (1960). No extraordinary circumstance exists here. Norman Welch misunderstands the law and the panel's holding.

Welch failed to provide sufficient allegations in his ancillary petition and misapprehends 21 U.S.C. § 853(n). First, § 853(n) requires allegations that merely show a plausible right to relief—a standard that Welch failed to meet. Welch never alleged sufficient facts under § 853(n)(3), (6)(A), or (6)(B). Second, § 853(n)(6)(A) allows a claim if non-proceeds are used to purchase a property, but Welch alleged that too late here. Third, the district court did not abuse its discretion in denying leave to amend because Welch failed to present *any* ground for relief in his claim and failed to present *any* ground for relief in his response to the motion to dismiss. Last, Welch failed to show a conflict with Ninth Circuit, Supreme Court, or sister circuit caselaw. Therefore,

his request for rehearing and rehearing en banc (ECF No. 43.1) should

be denied.

## BACKGROUND

From 2013 through 2019, Welch's wife, Trina Welch

("Defendant"), embezzled at least $3,674,338.86 and used proceeds to

purchase and pay expenses for real properties.  (ER-220–25.)  The

district court ordered real properties forfeited, sentenced Defendant,

and ordered restitution of $3,678,642.62.  (ER-208–09; ER-173–80.)

After notice (ER-201–07), Welch's attorney filed a "Notice of Claim

of Assets Under Forfeiture," which included a "CLAIM of ASSETS

under FORFEITURE," filed on March 31, 2022, ("Claim").[1]  (ER-197–

207.)  Welch asserted an interest in five real properties (*id*.), but later

limited it to two:  (1) 519 E. Walnut Ave., Osburn, Idaho ("Walnut

Property"), and (2) Parcel No. 181400 (Lot 8) St. Regis, Mineral County,

---

[1]    In forfeiture ancillary proceedings, a third-party filing is referred to as a claim or petition and the person as claimant or petitioner.  *See, e.g.*, 21 U.S.C. § 853(n)(3); 18 U.S.C. § 983(a)(2)(C); Fed. R. Civ. P. G(5); Fed. R. Crim. P. 32.2(c)(1), (b)(2)(A), (b)(6)(A)).  Thus, courts often interchangeably use "claim" and "petition," and this brief does too. *See, e.g.*, *United States v. 101 Houseco, LLC*, 22 F.4th 843, 849 (9th Cir.), *cert. denied*, 143 S. Ct. 209 (2022); *United States v. Mills*, 18 F.4th 573, 577 (8th Cir. 2021).

Montana ("Montana Property"). *See* (ER-10.) Welch claimed an interest "based on [his] 50% undivided interest of ownership as recorded under" a document identified by file number in the applicable county dated in 2017. (ER-200.) However, Welch failed to include any supporting documentation, including the documents referenced in his Claim. *See* (*id.*) Welch offered no further explanation, information, assertions, or allegations. *See* (ER-197–207.) Welch also failed to request the relief he sought. (ER-200.)

The Government moved to dismiss. (ER-134–51, 152–66.) Welch conceded that "the Government ha[d] presented issues of valid concern," but nevertheless provided no additional information and did not seek leave to amend. (ER-93.) Instead, he "ensure[d the district court] that valid arguments and documentation w[ould] be made and provided during a hearing." (ER-93.) Welch argued he submitted sufficient facts and knew the requirements of 21 U.S.C. § 853(n)(6)(A). (ER-93.) In essence, Welch argued that his Claim was sufficient under § 853(n). (ER-90–133.)

On July 24, 2023, the district court granted the Government's motions to dismiss, with the following reasoning:

3

> [i]n short, the Court found that neither had properly alleged a valid interest in the properties they claimed an interest in. Notably, the Court did not allow amendment because it appeared no amendment could save either claim. Specifically, as to the 519 E. Walnut property, the Court found that it need not allow Norman an opportunity to amend because, 'no amount of discovery or amendment could change the fact that Trina acquired th[is] propert[y] *during* the commission of her crimes' and Norman had 'provided no facts alleging that he used any of his own funds to purchase the property, made no claims that he is a bona fide purchase for value, and has not expressed any prior interest or superior legal title in the property.'

(ER-6 (emphasis in original) (internal citations omitted) (citing ER-57–78).) The district court made similar findings as to the Montana Property. (ER-6.) In short, "[t]he [district c]ourt found he had not sufficiently pleaded facts to meet either requirement under 21 U.S.C. § 853(n)(6)(A) or (B)—that he had a superior valid interest in any of the five properties or that he was a bona fide purchaser of any of the five properties." (ER-10.)

Welch moved for reconsideration, asserting for the first time that he and Defendant purchased the properties with clean funds and sought leave to amend his Claim to include these assertions. (ER-45–48.) Welch gave no explanation for the tardiness of this request. (*Id.*) The

4

additional assertions and request for leave to amend were made 508 days after filing his Claim and 494 days after the 30-day deadline under § 853(n)(2).

In response, the Government recognized that, unlike the Montana Property, it had not traced criminal proceeds to the purchase of the Walnut Property but noted that it traced significant fraud proceeds used to make substantial upgrades to the Walnut Property,[2] rendering it criminally forfeitable.  (ER-35.)  The Government argued that while Welch provided some information regarding a newfound claim of a superior interest in the Walnut Property, it was too late.  (ER-35.)  The district court agreed.  (ER-16.)

The district court denied Welch's motion to reconsider and leave to amend because Welch "expressly acknowledge[d] he did not provide or plead facts supporting his claim as required by statute and there is no indication he could not have brought the information he now brings in his original petition."  (ER-12.)  The district court explained that "[w]hile amendment is allowed to correct a deficiency in an *already*

---

[2]     Fraud proceeds were also used to pay debt on the Walnut Property.

*alleged* and asserted ground for recovery, amendments that *add* grounds for recovery are not allowed." (ER-12.) Welch sought to add allegations related to grounds for recovery that were not included in the Claim. (*See id.*) The district court noted:

> To allow him to come in now, after his failure to comply, would be contrary to general principles of justice, but it would also open the door for anyone to file deficient and perfunctory notices of claim in the hopes that they could develop a sufficient basis later. This does not serve the ends of the statute which is to parse through illegitimate claims and timely and accurately dispose of forfeited property.

(ER-12.) Welch "did not provide any facts, outline any timeline, or explain the nature and extent of his rights as statutorily required." (ER-13.)

> [T]here was no way to tell from Norman's '50% ownership' language—which again was identical between four of the five properties—what his ground for relief actually was: a bona fide purchaser for value or a superior interest, how that interest arose, and under what timeframe and circumstances. So, the additional information Norman brings now is truly a 'new' ground for relief, not just a clarification of a prior valid ground.
>
> . . .
>
> Even now, Norman has not provided any concrete facts supporting his claim that he had a prior *valid* and/or *superior* interest in either property or that

6

> he was a bona fide purchaser for value .... He
> still has not provided *any* details, any timeframe,
> and any facts supporting his bald assertions.

(ER-16 n.11; ER-14.)  Thus, the district court denied reconsideration

and amendment.  (ER-17.)

Welch appealed and this Court affirmed.  (ER-239; ECF No. 38.1.)

As the panel correctly held, Welch's Petition "was properly dismissed for

failure to state a claim" because:

> Welch failed to provide sufficient information
> about his proposed bases for ownership of the
> properties in question .... [and] Welch's petition
> did not contain pertinent details regarding the
> circumstances of his acquisition of the properties,
> most significantly whether they were acquired
> before the onset date of the underlying crimes.

(ECF No. 38.1 (citing *101 Houseco, LLC*, 22 F.4th at 846 and 21 U.S.C.

§ 853(n)(3), (6)).)  Welch now seeks rehearing and rehearing en banc.

(ECF No. 43.1.)

## ARGUMENT

## I.   The Court correctly concluded that Welch did not include sufficient information in his ancillary petition.

Panel rehearing is inappropriate because this Court did not

overlook or misapprehend a point of law or fact that justifies rehearing.

*See* Fed. R. App. P. 40(b)(1).

This Court correctly concluded that Welch's Petition "was properly dismissed for failure to state a claim" because of insufficient information.  (ECF No. 38.1.)  The panel did not limit its holding to § 853(n)(6)(A) and did not assume that Welch relied on it (although that assumption would be justified by Welch's original response to the motion to dismiss where he discussed only the requirements of § 853(n)(6)(A) in arguing his Claim was sufficient).  (ER-93–94.) Instead, this Court determined generally that Welch failed to "provide sufficient information about his proposed bases for ownership of the properties" and that his Claim "did not contain pertinent details regarding the circumstances of his acquisition of the properties . . . ." (ECF No. 38.1.)  It assessed the requirements in § 853(n)(3) and (6) and held that Welch did not meet those requirements, including when the properties were acquired, a fact pertinent to both § 853(n)(6)(A) and (B). *See* (*id.*)  Both (n)(6)(A) and (B) necessarily require details as to the circumstances of acquisition, just as (n)(3) requires.  Therefore, the Court was correct.

Welch's argument demonstrates the problem with his Claim.  It provides insufficient allegations to overcome dismissal.  Welch failed to

allege the time and circumstances of acquisition, additional facts in support of the alleged interest, and the relief sought. He failed to state what he is claiming, such as relief under § 853(n)(6)(A) or (n)(6)(B), or at least sufficient factual allegations to plausibly satisfy those provisions. Section 853(n)(3) requires a petition to assert the relief sought, and general pleading principles require sufficient allegations to know what relief is being sought and what grounds. Here, Welch's Claim is void of sufficient facts to determine what relief is sought and the basis.

Welch now presents two conflicting arguments. He argues, for the first time, that he brought his claim under § 853(n)(6)(B), and he argues that he could not plead a case under § 853(n)(6)(A) or (B). (ECF No. 43.1 at 7, 14.) Barring exceptional circumstances, which Welch has not demonstrated, issues cannot be raised "'for the first time in a petition for rehearing.'" *United States v. Mageno*, 786 F.3d 768, 775 (9th Cir. 2015) (quoting *Varney v. Sec'y of Health & Human Servs.,* 859 F.2d 1396, 1397 (9th Cir. 1988)).

Further, Welch argues that the Government knew he intended to proceed under § 853(n)(6)(B). It did not. The Government addressed

9

the deficiencies in Welch's Claim under both § 853(n)(6)(A) and (B) because Welch failed to articulate which provision he relied on, if any. (ER-146–49.)

Moreover, Welch's Claim is deficient even under § 853(n)(6)(B). Welch asserts his Claim alleged that he purchased the property in 2017, and that the Government did not dispute this. (ECF 43.1 at 8.) However, the Government has not addressed the issue because Welch never asserted that he purchased the properties in 2017. (ER-197–200.) Nor did he detail the circumstances of acquisition or any other additional facts. (*Id.*) Moreover, the Claim includes no factual allegations regarding Welch as a bona fide purchaser for value and whether "at the time of purchase [he was] reasonably without cause to believe that the property was subject to forfeiture . . . ." 21 U.S.C. § 853(n)(6)(B).

Last, Welch asserts that § 853(n)(6)(A) deals with instrumentalities of crime and not proceeds. (ECF No. 43.1 at 8–9.) While § 853(n)(6)(A) forecloses a superior interest in crime proceeds, it may still be a ground for relief when property is not purchased wholly with criminal proceeds. Welch asserted in his motion to reconsider that

10

the properties were purchased with lawful funds, not proceeds of crime. (ER-46–47.) He admits he did not plead these facts and sought leave to amend. (*Id.*) Thus, it appears Welch sought relief under § 853(n)(6)(A) but was too late.

## II. En banc review is not appropriate.

Rehearing en banc is appropriate only when the panel decision conflicts with Ninth Circuit, Supreme Court, or other U.S. court of appeals caselaw or "the proceeding involves one or more questions of exceptional importance, each concisely stated." Fed. R. App. P. 40(b)(2). Citation to conflicting case(s) is *required* and must be at the beginning of the petition for rehearing en banc. *Id.* The requirements are not met, as Welch fails to cite any conflicting cases. (ECF No. 43.1 at 6.) Also, no questions of exceptional importance are raised upon examination of Welch's arguments. (*Id.*)

### A. The *Thompson* case is irrelevant.

Welch references *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021), to show forfeiture "injustices," but he does not explain. (ECF No. 43.1.) *Thompson* is about joint and several liability of defendants

11

and the implications of the Supreme Court's *Honeycutt* case. *Thompson* raises no "injustices" to be addressed here.

###### B. A criminal forfeiture ancillary proceeding petition must plead sufficient facts to state a claim for relief, and Welch did not do that.

A district court may dismiss a petition for failure to state a claim upon which relief can be granted before a hearing. Fed. R. Crim. P. 32.2(c)(1)(A). As such, a third-party must plead enough to state a claim for relief or risk dismissal. *See* Fed. R. Crim. P. 32.2 advisory committee's note to subdivision (c). "A motion to dismiss a third-party petition in a criminal forfeiture proceeding is analyzed in the same way as a motion to dismiss a complaint under [Civil] Rule 12(b) . . . ." *United States v. Catala*, 870 F.3d 6, 8 (1st Cir. 2017). "Consequently, a third-party petitioner under section 853(n) must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Catala*, 870 F.3d at 9 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *United States v. Swartz Fam. Tr.*, 67 F.4th 505, 513 (2d Cir. 2023). Relief in a forfeiture ancillary proceeding requires satisfaction of either § 853(n)(6)(A) or (B). *101 Houseco*, 22 F.4th at 848. Therefore, a

petitioner must include enough factual allegations to show a plausible right to relief under § 853(n)(6). Welch failed to do that.

In his rehearing petition, Welch refers to the simple plausible right pleading requirement as a "[p]erfunctory [p]ractice of [s]hoehorning" § 853(n)(6) into (n)(3). (ECF No. 43.1 at 14–17.) He suggests it is not right or fair.

Welch is wrong. It *is* fair to require a petitioner to plead sufficient facts to show plausible relief. That is what *all* civil plaintiffs must do, *see Twombly*, 550 U.S. at 570, and ancillary proceedings are no different. Without that basic requirement, court, government, and other's resources would be unnecessarily overextended, especially considering that a claimant has the information about his or her alleged interest and circumstances pertinent to such interest.

Welch inaccurately portrays the pleading requirement as one of proof. (ECF No. 43.1 at 14–15.) The pleading standard is alleging a plausible right to relief, as in any civil case, not *proving* relief under § 853(n)(6). For example, in *Twombly*, the plaintiff failed to allege facts necessary to plausibly suggest the requirements for a conspiracy could

be met. *Twombly*, 550 U.S. at 566. Similarly, here, Welch failed to plead sufficient facts to plausibly suggest a right to relief.

Welch relies on *United States v. Preston*, 123 F. Supp. 3d 108 (D.D.C. 2015). That case, however, supports the dismissal of his Claim. As the *Preston* court noted, a petitioner must "state a claim for relief under Section 853(n)(6)." *Id.* at 115.

> In order to survive a motion to dismiss, a petition must allege facts sufficient to state a valid claim of relief. A petitioner is only entitled to relief if he establishes that his legal right, title, or interest in the forfeited property meets the circumstances set forth in either Section 853(n)(6)(A) or Section 853(n)(6)(B), and, therefore, he must allege facts sufficient to state a claim under one of the two provisions.

*Id.* (internal citation omitted). In *Preston* "it [was] unclear from the Petition whether Mr. Preston [was] pleading under Section 853(n)(6)(A) or Section 853(n)(6)(B)." *Id.* The court noted that "[e]ven Mr. Preston's response to the Government's observation in his opposition to the Motion to Dismiss fails to clear the confusion." *Id.* The court granted the motion to dismiss. *Id.* The same situation exists here, and dismissal was appropriate.

14

Further, Welch now argues that the Government's notice identifies "§ 853(n)(3) as the governing provision establishing the pleading requirements." (ECF No. 43.1.) This is misleading and was not raised previously. Again, barring exceptional circumstances, which Welch failed to demonstrate, issues cannot be raised "for the first time in a petition for rehearing." *Mageno*, 786 F.3d at 775 (internal quotation marks omitted).

Even if this Court considers this newly raised argument, it fails. The notice explains that a third party must establish the requirements under § 853(n)(6) to prevail and then explains that the procedures for filing a petition are in § 853(n). (ER-201–02.) The requirements of § 853(n)(2) and (3) are explained, but the notice does not state that "§ 853(n)(3) [is] the governing provision establishing the pleading requirements," as alleged by Welch. (ECF No. 43.1 at 15.) The Answering Brief describes the pleading requirements and details Welch's failures in that regard. (ECF No. 23.1 at 11–23.)

## C.    There is no constitutional problem.

Welch's Section II.2 argument is premised on a legal and factual misunderstanding. For the first time, he argues his alleged interest

15

could not fall under § 853(n)(6)(A) or (B), so he is without recourse. (ECF No. 43.1 at 12–13.)  He concludes that he "was not able to adequately assert his property interest because he could not allege facts in a petition . . . to prove by preponderance a case under either § 853(n)(6)(A) or (B)," and recognizes that those two provisions are the only grounds for relief.  (ECF No. 43.1 at 14–15).  Welch's conclusion about inability to assert facts is wrong.  Pleading a sufficient petition was within his control.

Welch alleges that one parcel was purchased with non-tainted funds but upgraded with crime proceeds, which "would obviously take Appellant's claim outside of § 853(n)(6)(A) since the properties were acquired in 2017 (after the crimes began) . . . ."  (ECF No. 43.1 at 13.)  However, while the relation-back doctrine associated with § 853(n)(6)(A) applies to proceeds, it applies to property *at the time and to the extent criminal proceeds are used in relation to the property*.  It does not wholly engulf any property acquired after a crime starts.  Thus, the Government's interest did not vest until proceeds were used, regardless of when the criminal activity started.

16

Welch inaccurately believes he could not have asserted facts to claim § 853(n)(6)(A) applies to the Walnut Property.[3]  He does not understand the provision, at least to an interest acquired before proceeds paid for improvements.  Moreover, Welch's assertion that the Walnut Property was purchased in 2017 is not correct.  The deed for that property was before 2017.  Based on the above, Welch mistakenly believes that he had no potential claim under § 853(n)(6).

Welch incorrectly states that the "government does not dispute that one of these properties was purchased entirely with non-tainted funds while it claims the other was purchased partially with tainted funds."  (ECF No. 43.1 at 13.)  Actually, "[w]hile the United States believes that funds not traceable to the offense of conviction were used to initially purchase the Walnut Property, the United States disagrees with Welch that any significant amount of non-traceable funds were used to purchase the Montana property."  (ER-35.)  And, "[t]he United States has traced a large amount of criminal proceeds used to upgrade

---

[3]    The Government assumes Welch is discussing the Walnut Property because the Government "believes that funds not traceable to the offense of conviction were used to initially purchase the 519 E. Walnut property" and "traced a large amount of criminal proceeds used to upgrade the . . . property."  (ER-35.)

the 519 E Walnut property." (*Id.*)  As such, Welch's reasoning that "the government is not entitled to take either property entirely" is false. (ECF No. 43.1 at 19.)  The Government believes the Montana property was purchased with fraud proceeds.  And, regardless, both properties are forfeitable.  Welch failed to sufficiently plead interests under § 853(n), so the properties are validly forfeited. [4]

Last, the plea agreement did nothing to confine Welch's ability to sufficiently plead facts claiming interests under § 853(n)(6)(A) or (B).

### D.  The district court did not abuse its discretion in denying leave to amend.

The district court did not abuse its discretion in denying Welch's request to amend.  "Welch failed to explain why he was previously unable to discover the information set forth in his motion to amend, and the district court properly characterized the facts described in that motion as new grounds for relief." (ECF No. 38.1 at 2 (citing

---

[4]     Further, Trina Welch owes $3,678,642.62 in restitution.  (ER-190.) Any interest not forfeited that is community property is subject to restitution collection and a statutory lien, and, thus, will not go to Welch.  *See* 18 U.S.C. § 3613; *United States v. Berger*, 574 F.3d 1202, 1203 (9th Cir. 2009) ("[C]ommunity property is available to satisfy a restitution judgment … including that portion of the property that otherwise would potentially be awarded upon dissolution of marriage to an innocent spouse who was not involved in the criminal activity."). Idaho is a community property state.

18

*Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).)
Further, allowing amendment would have frustrated the time limits.
(ECF No. 38.1 at 2-3.)

The two cases referenced by Welch do not hold that amendment is
freely allowed. In *Swartz*, the Second Circuit remanded for the district
court to determine if amendment should be allowed and noted that "in
limited circumstances, it may be appropriate to permit the petitioner to
amend its petition outside the 30-day window." *Swartz Fam. Tr.*, 67
F.4th at 520. The court considered whether the petitioner promptly
moved to amend; whether the amendment helped describe a claim
already at least partially asserted, such as being a bona fide purchaser;
and that the Government previously stated that additional factual
development was necessary and sought discovery related to the same.
*See id.* at 518–20. Thus, the Second Circuit did not conclude that
amendments are freely allowed.

Turning to *Furando*, a district court *sua sponte* dismissed a
petition on jurisdictional grounds, and Seventh Circuit caselaw
"cautions against *sua sponte* dismissal, unless the jurisdictional
deficiency is incurable." *United States v. Furando*, 40 F.4th 567, 576

(7th Cir. 2022). Moreover, "the district court did not mitigate the impact of any error by 'carefully consider[ing]' the arguments at a different point, such as a prior or subsequent motion or in a decision on a detailed motion seeking leave to amend." *Id*. at 580. Here, the district court did not dismiss *sua sponte* and carefully considered arguments in filed motions and briefs. Thus, the district court did not abuse its discretion.

Further, freely granting leave to amend for newly asserted grounds eviscerates the deadline in § 853(n)(2) and district court discretion. While allowing amendment may be appropriate in some cases, this is not one of them. Welch made cursory efforts in his Claim, although he was represented. He possessed the information about the interest he claims—when he acquired it, and the circumstances surrounding the acquisition.

Finally, Welch wrongly states "that criminal forfeitures do not go to pay restitution to the crime victim, but only line the pockets of the government agencies involved." (ECF No. 43.1 at 17.) While forfeited property and funds become property of the United States, one of the primary goals is "to compensate victims when authorized under federal

20

law."[5]  The Attorney General may remit or restore forfeited property to victims under various statutes, including 21 U.S.C. § 853(i)(1).  The regulations are at 28 C.F.R. Part 9.  In this case, the Money Laundering and Asset Recovery Section of DOJ, with delegated authority from the Attorney General, preliminarily approved restoration to the victim after liquidation of the forfeited properties.  Additionally, as noted above, any interest not forfeited in this case that is community property is subject to restitution collection (even Welch's portion of the community property).  *See* 18 U.S.C. § 3613; *Berger*, 574 F.3d at 1203.  For all these reasons, the district court did not abuse its discretion in denying leave to amend, and the victim's right to full and timely restitution (18 U.S.C. § 3771(a)(6)) will be honored.

## CONCLUSION

The Government respectfully requests that this Court deny Welch's petition.

---

[5]    https://www.justice.gov/afp; *see also* Department of Justice Asset Forfeiture Program, *Returning Forfeited Assets to Crime Victims: An Overview of Remission and Restoration*, https://www.justice.gov/file/440746/dl.

Dated this 5th day of February, 2025.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*s/ William M. Humphries*
WILLIAM M. HUMPHRIES
Assistant United States Attorney

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 23-3309

I am the attorney or self-represented party.

**This brief contains** 4,180 **words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[x] complies with the length limit of 15 pages or 4,200 words designated by court order dated December 18, 2024.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ William M. Humphries      **Date** February 5, 2025
*(use "s/[typed name]" to sign electronically-filed documents)*